# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

YOLANDA DANIELS
In re Carrie Williams,

               Plaintiff,

    v.                                             Case No. 09-CV-650

JENNIFER MAYER and
AURORA HEALTH CARE FAMILY SERVICES,

               Defendants.

_____

# ORDER

Pro se plaintiff Yolanda Daniels ("Daniels") filed suit alleging that defendant Jennifer Mayer wrongly informed police officers that Daniels took her aunt, Carrie Williams ("Williams"), from a treatment center. As a result, officers removed Williams from Daniels' home and transported her to a hospital, pursuant to a court order. Daniels also claims that the hospital staff refused her access to her aunt because defendant Mayer had her aunt placed into protective custody. Daniels next states that the Milwaukee County Circuit Court granted temporary guardianship of Williams to a family member other than Daniels. Daniels ends her scattered complaint by claiming that her aunt developed a bedsore that came septic.

Daniels did not plead a basis for the court's jurisdiction and one was not readily apparent from her complaint. Accordingly, on July 29, 2009, this court ordered Daniels to show cause why her action should not be dismissed for lack of subject matter jurisdiction. Daniels responded by filing a one-page statement

asserting, among other things, that her aunt was being held against her will, that the women's right "to be secure in our home we're [sic] violated," and that Mayer exposed her aunt to "neglect and abuse" that resulted in her aunt's death. (*See* Docket #5). However, this statement does not assist the court in finding a federal claim against the defendants arising from her complaint.[1]

As this court previously advised the plaintiff, it may only exercise jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. § 1331, or cases involving diverse parties where the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. *Jogi v. Voges*, 480 F.3d 822, 825 (7th Cir. 2007); *Andrews v. E.I. Du Pont de Nemours & Co.*, 447 F.3d 510, 514 (7th Cir. 2006). Subject matter jurisdiction does not exist under either statute here. First, Daniels' claim alleging negligent supervision or care of Williams and claim that Mayer provided incorrect information to the police do not arise under federal law, treaties, or the U.S. Constitution. Second, Daniels' complaint reveals that all parties are citizens of Wisconsin. Therefore, complete diversity does not exist between the plaintiff and all defendants. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89

---

[1]The court notes that even if a constitutional claim could be construed from Daniels' complaint, it would be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. The defendants appear to be private actors. Therefore, for Daniels to bring a constitutional claim under 42 U.S.C. § 1983 against either defendant, they must have acted under "color of state law." *Johnson v. LaRabida Children's Hospital*, 372 F.3d 894, 896 (7th Cir. 2004). Daniels does not allege that the state directed or controlled the actions of Mayer or Aurora Health Care Family Services, nor does she allege that the state delegated a public function to these defendants. Thus, Daniels does not state a claim under § 1983. *See id.*

(2005). Consequently, the court cannot exercise jurisdiction over Daniels's lawsuit and will dismiss the case.

Accordingly,

**IT IS ORDERED** that Daniels' complaint (Docket #1) be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Daniels' motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED as moot**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-